# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-1506V
UNPUBLISHED

|  |  |
|---|---|
| JESSICA BECHHOFER, | Chief Special Master Corcoran |
| Petitioner, | Filed: March 10, 2021 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*

*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On September 30, 2019, Jessica Bechhofer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine. Petition at 1. Petitioner further alleges that the vaccine was administered within the United States, that she suffered the residual effects of her injury for more than six months, and that no lawsuits have been filed or settlements or awards accepted due to Petitioner's vaccine-related injury. Petition at 9. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 5, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On March 9, 2021, Respondent filed a proffer on award of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating Petitioner should be awarded $53,916.27 consisting of $45,000.00 for past pain and suffering; $7,175.00 for past loss of earnings, and $1,741.27 for past unreimbursed expenses. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $ 53,916.27 consisting of $45,000.00 for past pain and suffering; $7,175.00 for past loss of earnings, and $1,741.27 for past unreimbursed expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| _____ | ) | |
| JESSICA BECHHOFER, | ) | |
| | ) | |
| Petitioner, | ) | No. 19-1506V   ECF |
| | ) | |
| v. | ) | Chief Special Master Corcoran |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.   Procedural History**

On September 30, 2019, Jessica Bechhofer ("petitioner") file a petition alleging that an influenza ("flu") vaccination that she received in her left arm on September 21, 2018, caused a shoulder injury related to vaccine administration ("SIRVA"). *See* Petition. On March 4, 2021, respondent filed his Vaccine Rule 4(c) report, conceding a Table injury for SIRVA. ECF No. 35. On March 5, 2021, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for SIRVA. ECF No. 36.

**II.   Items of Compensation**

Based upon the evidence, respondent proffers that petitioner should be awarded a lump sum of **$53,916.27**, consisting of $45,000.00 for past pain and suffering, $7,175.00 for past loss of earnings, and $1,741.27 for past unreimbursed expenses. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

### III.   Form of the Award

Respondent recommends that the compensation provided to petitioner should be made

through a lump sum payment of **$53,916.27**, in the form of a check payable to petitioner.[2]

Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357
Fax: (202) 616-4310
darryl.wishard@usdoj.gov

Dated:  March 9, 2021

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.